NO. 07-97-0347-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 16, 2002

_____


RONNIE FREEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-422758; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.


ON REMAND FROM COURT OF CRIMINAL APPEALS

Upon remand from the Court of Criminal Appeals, we are called upon to consider the impact of that court's more recent ruling in *Standefer v. State,* 59 S.W.3d 177 (Tex.Crim.App. 2001) upon our original opinion in this matter. For the reasons explicated, we affirm the judgment of the trial court.

We previously reversed the judgment and remanded the case to the trial court because we found reversible error in the trial court's refusal to allow the defense to question the jury panel as to the possible effect that the fact the victim was a two-week-old child might have on their verdict. In doing so, we relied on the court's ruling in *Maddux v. State*, 862 S.W.2d 590 (Tex.Crim.App. 1993), in which it found the trial court reversibly erred in refusing to allow counsel to question the venire concerning potential bias in favor of a child victim. *Id.* at 592.[1]

Since then, the Court of Criminal Appeals has issued its opinion in *Standefer* in which it overrules *Maddux* and attempts to delineate a test to be employed in determining whether a particular question asked of a prospective juror attempts to bind or commit that juror to a verdict based on a hypothetical set of facts. The court has opined that a question is a commitment question "if one or more of the possible answers is that the prospective juror would resolve or refrain from resolving an issue in the case on the basis of one or more facts contained in the question." *Standefer*, 59 S.W.3d at 179. Once it has been determined whether a particular question is a commitment question, the second inquiry is whether the question includes only the facts that lead to a valid challenge for cause. If it does not, the question should not be allowed. *Id.* at 182-83.

---

[1]In *Maddux*, the specific question asked was whether, in a hypothetical case where there was a murder conviction and a child had died, the jury would still be able to consider probation. *Id.* at 591.

2

In establishing this test, the court noted that it did not address the validity or construction of *Nunfio v. State*, 808 S.W.2d 482 (Tex.Crim.App. 1991), *overruled on other grounds by Gonzales v. State*, 994 S.W.2d 179 (Tex.Crim.App. 1999). *Standefer,* 59 S.W.3d at 181 n.12. In *Nunfio*, the question posed was whether the juror could be fair and impartial if the victim was a nun, and the court determined that because the question sought to determine potential bias or prejudice in favor of the victim by virtue of her vocation, it was permissible. *Nunfio,* 808 S.W.2d at 484-85. The *Standefer* court attempted to make a distinction between the question posed in *Nunfio* by finding that it did not ask a prospective juror to resolve or refrain from resolving any issue because a juror could be fair and still take into account the victim's status as a nun as it might be logically relevant to the issues or decline to do so if that status should not be controlling. *Standefer*, 59 S.W.3d at 180.

In the case at bar, counsel stated that he wished to inform the jurors that the victim was a two-week-old child and to ask them "whether that fact would have any effect on their verdict, whether it be on guilt-innocence or on punishment." Thus, the dilemma with which we are faced is whether this question, standing alone, is merely asking if the prospective juror can be fair and unbiased or whether it is requiring the prospective juror to resolve or refrain from resolving an issue in the case.

A person may be challenged for cause if he has a bias or prejudice in favor of or against the defendant. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (Vernon 1989). The

3

Court of Criminal Appeals has previously held that, even if a venire person has a bias or prejudice, if the record as a whole shows that the venire person can set aside his preconceptions, there is no abuse of discretion in refusing to grant a challenge for cause. *Garcia v. State*, 887 S.W.2d 846, 857-58 (Tex.Crim.App. 1994), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). A juror may also be challenged for cause if he has established in his mind such a conclusion as to the guilt or innocence of the defendant that it would influence his verdict. Tex. Code Crim. Proc. Ann. art. 35.16(a)(10) (Vernon 1989). In that situation, the juror is to be asked whether his conclusion will influence his verdict and if he answers in the affirmative, he shall be discharged. *Id.*

Although we believe that, upon an affirmative response to the question posed, additional questioning might reveal that the prospective juror could set aside whatever personal prejudices he may have as a result of the victim being so young and follow the instructions of the court and the law, or establish that the juror has not, in fact, reached a conclusion as to guilt or innocence, the new rule set out by the Court of Criminal Appeals does not appear to permit the initial question. If the fact the victim is a two-week-old child will "affect" the verdict either on guilt, innocence or as to punishment, the question would presumably require as a possible answer that the prospective juror resolve or refrain from resolving an issue in the case.

4

Therefore, in line with our understanding of the court's holding in *Standefer,* we find no reversible error in the trial court refusing to allow the defense to ask the question posed. We thus overrule appellant's first issue.

In our original opinion, we did not address appellant's remaining two issues because of our disposition of appellant's first issue. We are now called upon to address those issues in which appellant complains the trial court erred in misdirecting the jury in the jury charge and improperly admitting evidence of a juvenile conviction. In his second issue, appellant argues that paragraph 2 of the second count of the indictment, which purports to allege felony murder, is defective because it does not specify a perpetrator or a date within the limitations period. Therefore, he contends, because the trial court charged the jury on felony murder and they returned a general verdict, they may have returned a verdict on an invalid indictment paragraph.

The State responds that article 21.24(c) of the Code of Criminal Procedure provides that a count is sufficient if any one of its paragraphs is sufficient. Thus, because paragraphs 1 and 3 of the second count are sufficient in alleging a perpetrator and a date, so is paragraph 2. Furthermore, it argues, appellant has waived his complaint because he did not object before the date of trial by filing a motion to quash the indictment.[2]

---

[2]Appellant objected to the indictment during the pretrial hearing immediately prior to the commencement of trial.

While appellant asserts that a defect in one count may not be cured by incorporating the allegations of another count of the indictment by reference, the State is not contending that any defects in paragraph 2 are cured by the allegations in another count, but by the allegations in other paragraphs of the same count in which appellant is named as the perpetrator and the date of July 2, 1996, is set forth as the offense date. Article 21.24 of the Code of Criminal Procedure provides:

> (a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.
>
> (b) A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.
>
> (c) A count is sufficient if any one of its paragraphs is sufficient. An indictment, information, or complaint is sufficient if any one of its counts is sufficient.

Tex. Code Crim. Proc. Ann. art. 21.24 (Vernon 1989).

A count charges the offense itself and a paragraph is a portion of the count which charges the method of committing the offense. *Helmus v. State*, 397 S.W.2d 437, 439-40 (Tex.Crim.App. 1965); *Renfro v. State*, 827 S.W.2d 532, 535 (Tex.App.--Houston [1st Dist.] 1992, pet. ref'd); *Romine v. State*, 722 S.W.2d 494, 500-01 (Tex.App.--Houston [14th Dist.] 1986, pet. denied). In this instance, the State waived the first count and proceeded only on the second count of the indictment. In that count, in three separate paragraphs, the State alleged that appellant (1) with intent to cause serious bodily injury to an individual

6

committed an act clearly dangerous to human life by striking the victim about the head and body with a hard object being his hand thereby causing death, (2) while in the course of the commission of the felony offense of injury to a child committed an act clearly dangerous to human life by striking the victim with a hard object being his hand and hands and by shaking him thereby causing death, and (3) with intent to cause serious bodily injury committed an act clearly dangerous to human life by striking the victim with a hard object being his hand and hands and by shaking the victim thereby causing death. These are three different methods of committing the offense of murder. *See* Tex. Pen. Code Ann. § 19.02(b) (Vernon 1994).

We do not believe the indictment was defective by its failure to allege the perpetrator and date in paragraph 2, since those items are presented in the other paragraphs of the same count. Even if the indictment was defective, appellant failed to object to the defect, error, or irregularity of form or substance before the date on which the trial on the merits commences. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2002).

Appellant appears to concede that article 21.24 may save the indictment from a motion to quash based on a defective paragraph; however, he posits that the court still may not charge the jury on the defective paragraph. In support, he relies on *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App. 1979), *overruled on other grounds by Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984), in which the court held that the charge may

7

not authorize conviction on a theory not alleged in the indictment because it would permit conviction on proof different from that required to prove the allegations in the indictment. *Id.* at 734. However, in this instance, the only difference in the proof required to prove the allegations in the indictment with respect to felony murder and those in the charge are the identity of appellant and the date of the offense. Moreover, the other two paragraphs in the count, which alleged different means of committing the same offense of murder and on which the jury was also charged, provided those facts. Appellant's second issue is overruled.

In his third issue, appellant claims error on the part of the trial court in admitting evidence during the punishment phase of an adjudication of juvenile delinquency by commission of a misdemeanor. The gist of appellant's argument is that article 37.07 § 3(i) of the Code of Criminal Procedure does not permit the introduction of evidence of an adjudication for conduct that is a violation of a misdemeanor punishable by confinement in jail if the conduct upon which the adjudication is based occurred prior to January 1, 1996. Because appellant's delinquent conduct occurred in 1992, he thus claims error on the part of the trial court.

To preserve a complaint for review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a)(a). At the time

the evidence was offered, there was no objection on the part of appellant.  In fact, appellant specifically stated that he had no objection to the introduction of the evidence. Therefore, he has failed to preserve any complaint for review, and his third issue is overruled.

In summary, we overrule all of appellant's issues and, having found no reversible error, affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Publish.

NO. 07-97-0347-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 16, 2002
_____

RONNIE FREEMAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-422758; HON. JIM BOB DARNELL, PRESIDING
_____

ON REMAND FROM COURT OF CRIMINAL APPEALS

Before BOYD, C.J., and QUINN and REAVIS, J.J.

### *Dissent*

I respectfully dissent and conclude that the court's original opinion drafted by Chief Justice Boyd was and is correct. In sum, the trial court erred in prohibiting appellant from assessing whether the potential jurors could be fair and unbiased (as required by law) irrespective of the age of the victim. Furthermore, the recent opinion by a bare majority of the court in *Standefer v. State*, 59 S.W.3d 177 (Tex. Crim. App. 2001) does not

persuade me otherwise. Rather it reinforces my conclusion. Admittedly, that writing purports to establish a bright-line rule to be applied when determining whether a question propounded to the jury venire constitutes an impermissible commitment question. I too admit that it overruled precedent of the Court of Criminal Appeals, *i.e. Maddux v. State*, 862 S.W.2d 590 (Tex. Crim. App. 1993), upon which we relied in issuing our original opinion and judgment. Yet, in remanding the cause before us "for reconsideration in light of *Standefer*," the Court of Criminal Appeals did not say that our original opinion and judgment were wrong. Nor did it purport to suggest that it believed that *Standefer* required a different result.[3] Instead, I read it as obligating me to conclude as I do.

In *Standefer*, the court did not purport to affect the need for fair and impartial juries. Rather, it sought to further regulate the procedure utilized to assess partiality and bias. And, in doing so, it acknowledged that not all commitment queries propounded during voir dire are impermissible. Instead, the propriety of the question depends upon two criteria, according to the court. The first concerns whether the question is one actually seeking some commitment from the prospective juror; that is, it must seek a commitment from the potential jurors to act in a certain manner depending upon their resolution of the factual hypotheticals contained in the question. *Standefer v.* State, 59 S.W.3d at 183. The second involves whether the inquiry includes facts other than those necessary to develop

---

[3] If it had so thought, precious judicial resource could have been conserved had the higher court simply addressed and resolved the dispute itself.

11

or establish a valid basis to challenge the respondent for cause. *Id.*[4] With this said, I turn to the circumstances at bar.

The question appellant endeavored to ask is contained in a bill of exception developed before the trial court. As illustrated by that bill, appellant "wished to inform the jurors that the victim . . . was a two-week old child" and "wanted to ask [them] . . . whether that fact would have any affect on their verdict, whether it be on guilt-innocence or on punishment." Obvious from this is appellant's reason for asking the question. He simply wanted to know 1) whether the jurors could remain fair and unbiased and 2) follow the law, despite the victim's age. It goes without saying that both the State and defendant were and are entitled to fair and impartial jurors capable of following the law and overcoming personal bias and prejudice. *See Dinkins v. State*, 894 S.W.2d 330, 344-45 (Tex. Crim. App. 1995) (stating that a venireman is subject to challenge by either the State or defendant if he is unable to follow the law); *Ransom v. State*, 630 S.W.2d 904, 908 (Tex. App.–Amarillo 1982, pet. ref'd.) (recognizing that litigants in a criminal proceeding are guaranteed a fair and impartial jury). And, appellant wanted to assure that the body adjudging him met that criteria.

---

[4]In other words, asking the jury to commit to acting in a certain way is not wrong if "*one . . . "possible answer*[]*" renders the jury subject to removal for cause, and only those facts needed to arrive at that particular response are included in the question. *Standefer v. State*, 59 S.W.3d 177, 180 (Tex. Crim. App. 2001) (emphasis added). Though the application of this test appears easy when describing it, one must recall the old adage about not judging books by their covers. Yet, I need not delve into the myriad of situations in which the application of the rule is hardly facile. It is sufficient to refer to the majority and dissenting opinions in *Standefer* and the concurring opinion rendered by two judges on the Court of Criminal Appeals in the case at bar to understand that not all is as it seems when it comes to commitment questions.

Next, I assume *arguendo* that asking veniremen whether the age of the victim could affect their decision *viz-a-viz* guilt or punishment is a commitment question. Indeed, some could possibly say that it constitutes effort to "set the hypothetical parameters for [the juror's] . . . decision making," and, that is all the *Standefer* majority required to satisfy the first prong of the test. *Id.* at 180. Instead, my focus lies upon three other indicia. They are: 1) a possible answer to the question; 2) the relationship of the answer to the respondent's ability to legally serve on a jury; and, 3) whether the facts mentioned in the query were solely those needed to render the venireman objectionable. As to the possible answer to the question, it is "yes." Next, in answering "yes," the venireman reasonably indicates, at the very least, that the age of the victim could be influential or determinative in assessing guilt, as opposed to the evidence of guilt or the State's satisfaction of its burden to prove guilt. And, once the venireman so indicates, he has rendered himself subject to challenge for cause. Again, jurors must follow the law, which law requires that they convict only if the State has presented evidence establishing, beyond reasonable doubt, each element of the crime. *See Gray v. State*, 51 S.W.3d 856, 860 (Tex. App.–Texarkana 2001, pet. granted). Factors irrelevant to guilt, such as a victim's age, ethnicity, sex, sexual preference, religion or the like, cannot generally form the basis of a decision to convict.[5] Lastly, the *only* fact mentioned in the question, *i.e.* the victim being two-weeks old, is the very fact needed to determine whether the venire member is barred from serving on the jury.

---

[5]I say "generally" for there may be situations wherein race, sex, or the like are elemental to conviction, such as in statutory "hate" crimes.

Thus, before us we have a situation wherein a possible answer to the question would provide basis to remove the respondent from the jury and the facts mentioned in the question do not exceed those needed to establish the grounds for challenge. Moreover, this question differs little from one approved in *Standefer* that involved nuns. There, the court found nothing wrong with asking "'[I]f the victim is a nun, could [the prospective juror] be fair and impartial?'" *Standefer v. State*, 59 S.W.3d 180. Here, and though his question was worded differently, appellant too wanted to know if the jurors could be fair and impartial despite a characteristic of the victim, that characteristic being age.[6] In sum, the question before us not only likens to one found permissible in *Standefer*, it falls outside the boundaries of an impermissible commitment inquiry as those boundaries are defined in that same case.

For these reasons, I respectfully dissent and reaffirm the conclusion and judgment this same panel reached when the cause was originally submitted.

Brian Quinn
Justice

---

[6]That appellant may not have explicitly used the words "fair," "unbiased," "impartial" or the like in his question does not control the outcome of the appeal. This is so for several reasons. First, it was and is clear that he was attempting to assess the potential jurors' ability to be fair and unbiased. Given this clarity of purpose, I hesitate to substitute form over substance, that is, pretermit inquiry into potential bias and prejudice merely because the question failed to contain a particular word. *See Dowling v. State*, 926 S.W.2d 752, 754 (Tex. App.–Amarillo 1996, pet. ref'd) (noting that one should avoid placing form over substance). Second, in ruling as it did, the trial court prevented appellant from delving into the topic of bias, partiality, and the potential impact the victim's age alone would have on the juror's decision-making process. And, it did so because it "disagree[d]" with the notion that "killing a two-week old baby" may offend some more than killing an older victim. Though killing in general irrespective of the victim's age could indeed be considered offensive, the appellant was entitled to assess whether the youthfulness of the victim at bar would alone be influential or determinative of guilt in the minds of some jurors. And, the court did not prohibit appellant from doing so because of the question asked but because it did not think it was a proper subject of inquiry.

14

Publish.