# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00171-CR

**Lionel D. Murphy, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### NO. 0809303D, HONORABLE WAYNE F. SALVANT, JUDGE PRESIDING

Appellant Lionel D. Murphy, Jr. was convicted of aggravated assault with a deadly weapon. Tex. Pen. Code Ann. ' 22.02(a)(2) (West Supp. 2002). He pleaded true to the enhancement paragraph, and the jury assessed his punishment at twenty-seven years= confinement in the Texas Department of Corrections Institutional Division. He raises no complaint relating to the guilt-innocence phase of trial and does not challenge his conviction. In three point of error, appellant complains that at the punishment phase of trial the district court erred by: (1) failing to instruct the jury that it could consider evidence of his previous convictions only if it believed beyond a reasonable doubt that appellant committed those offenses; (2) allowing appellant=s punishment to be enhanced with a previous felony conviction that he deems void because it violated the Acarving doctrine@; and (3) permitting the State to introduce evidence of appellant=s misdemeanor convictions based on offenses committed before January 1, 1996. We will affirm the district court=s judgment.

**BACKGROUND**

In January of 2002, a jury found appellant guilty of the offense of aggravated assault with a deadly weapon. At the beginning of the punishment phase of trial, appellant presented two oral motions, neither of which had been filed in writing. Appellant first requested that the enhancement paragraph in the indictment be struck because it contained a conviction that appellant believed violated the Acarving doctrine@ and was, therefore, void. The district court denied this motion. Then, with regard to the jury charge, appellant requested a burden of proof instruction as to the enhancement allegation and as to extraneous offenses that the State would present. The district court took this motion under advisement but did not rule and did not include a burden of proof instruction in the jury charge.

Thereafter, appellant pleaded true to the enhancement paragraph, and agreed to the introduction of evidence of eight previous misdemeanor convictions and the felony conviction set out in the enhancement paragraph. Appellant also stipulated that he was the person convicted in each instance. When asked, appellant stated that he had no objection to the court=s charge to the jury.

**DISCUSSION**

*Instruction on State=s Burden of Proof*

Appellant contends that he is entitled to a new punishment hearing because the trial court erred by failing to give a burden of proof instruction relating to the felony conviction contained in the indictment=s enhancement paragraph and the eight misdemeanor convictions admitted in evidence. He contends that the jury should have been instructed that it must find beyond a reasonable doubt that he committed those offenses in order to consider them with regard to his punishment.

2

At the punishment phase of trial, the trial court can admit evidence of the defendant=s prior criminal record. The Texas Code of Criminal Procedure states:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, not withstanding Rules 404 and 405, Texas Rules of Criminal Evidence, *any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant* or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (West Supp. 2002) (emphasis added).

Appellant failed to obtain a ruling on his request for an instruction and affirmatively stated that he had no objection to the charge as given without it. Appellant nevertheless argues that failure to give the instruction concerning bad acts or extraneous offenses is jury charge error. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (holding that if courts admit evidence of extraneous offenses at the punishment phase, they must give a reasonable doubt charge, even in the absence of a request or objection). Additionally, appellant contends that his failure to object to this type of omission does not waive his right to appeal the issue. *See Bluitt v. State*, 70 S.W.3d 901, 904 (Tex. App.CFort Worth 2002, no pet.).

The State responds that article 37.07, section 3(a)(1), requires a reasonable doubt instruction only for evidence of unadjudicated extraneous offenses or bad acts, but not for evidence of a prior criminal conviction. *Sanders v. State*, 69 S.W.3d 690, 694 (Tex. App.CTexarkana 2002, pet. dism=d w.o.j.) (instruction not required for duly recorded convictions); *see also Willover v. State*, 2002

**3**

Tex. App. LEXIS 5774, at *6 (Tex. App.CHouston [1st Dist.] Aug. 8, 2002, no pet. h.) (concluding that appellant **not entitled to instruction that extraneous crimes and bad acts be proved beyond a reasonable doubt where prior misdemeanor convictions are not evidence of extraneous crimes and bad acts).  We agree.**

In any event, even assuming 37.07 could be construed to include previous convictions as extraneous offenses, thus requiring a burden of proof instruction, we would have to determine whether the lack of such an instruction harmed appellant.  *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  If a defendant fails to object to some claimed error in the court≈s charge, the reviewing court will not reverse unless the record demonstrates that the error was so egregiously harmful that the defendant did not receive a fair and impartial trial.  *Id.*; *see also Poole v. State*, 974 S.W.2d 892, 900 (Tex. App.BAustin 1998, no pet.).  Appellant pleaded true to the enhancement paragraph containing his prior felony conviction.  He further agreed to admission of evidence of that conviction and of his eight prior misdemeanor convictions and stipulated that he was the person convicted of these crimes.  We therefore cannot say he suffered egregious harm.  *See Fails v. State*, 999 S.W.2d 144, 148 (Tex. App.CDallas 1999, pet. ref≈d) (holding failure to give  instruction harmless when defendant admitted committing extraneous offense).  We overrule appellant≈s first point of error.

**4**

*Introduction of a Void Prior Felony Conviction*

In his second point of error, appellant contends that he is entitled to a new hearing on punishment because in assessing sentence the district court allowed the jury to consider evidence of a void felony conviction in which he was convicted in one judgment of both aggravated assault with a deadly weapon and aggravated assault with serious bodily injury. He asserts the conviction is void for violating the Acarving doctrine@ because both offenses allegedly arose out of the same incident. Although appellant makes the assertion, the record contains no evidence to support his contention.

Appellant=s complaint is directed to the form or substance of the indictment. The conviction about which he complains was alleged in the enhancement paragraph. To preserve error regarding the indictment, he must raise his complaint before trial or it is waived. Tex. Code Crim Proc. Ann. art. 1.14(b) (West Supp. 2002); *see also Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990); *Watson v. State*, 923 S.W.2d 829, 833 (Tex. App.CAustin 1996, pet ref=d). Because he did not assert his complaint except by oral motion after a finding of guilt, we hold that appellant waived his complaint.

Even assuming appellant preserved his complaint, we nevertheless hold that it lacks merit. Texas previously adhered to the Acarving doctrine,@ which held that where multiple offenses required the same evidence to convict, or where multiple offenses were part of the same continuous transaction, the State could Acarve@ only one conviction from the same criminal transaction. *See Jackson v. The State*, 43 Tex. 421, 423 (1875); *see also Quitzow v. The State*, 1 Tex. Ct. App. 47, 53-54 (1876). Texas abandoned the carving doctrine in 1982. *Ex parte McWilliams*, 634 S.W.2d 815, 822-823 (Tex. Crim. App. 1982). However, courts cannot retroactively apply the effect of this abandonment. *See Ex parte*

*Scales*, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993). Appellant argues that because the offenses underlying the conviction alleged in the enhancement paragraph occurred while the doctrine was in effect, the district court erred in admitting evidence relating to the offenses during the punishment phase.

We will assume that appellant can raise this complaint in this appeal. *See, e.g.*, *Owens v. State*, 851 S.W.2d 398, 399 (Tex. App.CFort Worth 1993, no pet.) (stating that carving violation was fundamental error that would Acall for review when raised at almost any time,@ and would not have to be preserved for post-conviction collateral attack). However, appellant has produced no evidence to demonstrate that his 1976 conviction violated the carving doctrine. The record does not contain the original indictment from his 1976 conviction or any evidence concerning the circumstances and timing of the incident leading to this conviction. *See Fitzgerald v. State*, 722 S.W.2d 817, 821 (Tex. App.CTyler 1987), *aff=d*, 782 S.W.2d 876 (Tex. Crim. App. 1990). In *Fitzgerald*, the Twelfth District Court of Appeals rejected the appellant=s carving doctrine argument on the grounds that it was not supported by the record. That court wrote:

> Fitzgerald argues that . . . the theft conviction in [Cause No.] 182,670 is void under the now discarded carving doctrine and was unavailable for enhancement purposes. The record does not support this contention. No copies of the indictments of the theft and burglary cases were introduced into evidence and their contents were not otherwise proved. The State, by introducing admissible copies of the judgment and sentence of the theft conviction, made a prima facie case whereupon the burden of proof shifted to Fitzgerald in this collateral attack against that conviction demonstrate that such conviction was void.

**6**

*Fitzgerald*, 722 S.W.2d at 821; *see also Rubino*, 770 S.W.2d at 805 (holding that differences in time and place between appellant=s first assaultive act and then attempted murder were such that incident was one continuous assaultive transaction). Appellant is in the same situation as the defendant in *Fitzgerald*.

Furthermore, appellant has only one previous conviction; there is only one judgment. The enhancement provision and the judgment from appellant=s 1976 conviction both state that appellant was convicted of Athe felony offense of aggravated assault with a deadly weapon and aggravated assault with serious bodily injury.@ From this wording, the trial court could conclude that appellant was convicted of one offense alleging two alternative *but* consistent theories of commission. In any event, at least one conviction would be valid. *See Owens*, 851 S.W.2d at 399. Because appellant has not presented the original indictment nor any proof of facts regarding the incident underlying this conviction, he has failed to carry his burden to challenge the State=s evidence of a valid conviction, to which appellant stipulated. We cannot conclude otherwise as a matter of law, based solely on appellant=s unsupported assertion, that his 1976 conviction is void. We overrule appellant=s second point of error.

*Admission of Prior Misdemeanor Convictions*

In his third point of error, appellant complains that the district court erred by permitting the State to introduce evidence of his misdemeanor convictions that occurred prior to January 1, 1996. According to the code of criminal procedure: AEvidence of an adjudication for conduct that is a violation of a penal law of the grade of misdemeanor punishable by confinement in jail is admissible only if the conduct upon which the adjudication is based occurred on or after January 1, 1996.@ Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(i)(West Supp. 2002).

Another court of appeals has recently decided this issue. In *Freeman v. State*, 74 S.W.3d 913, 917 (Tex. App.CAmarillo 2002, pet. filed), the court held that the appellant failed to preserve his complaint for review because he did not object to the introduction of the questioned evidence. As in this case, the appellant in *Freeman* argued that, according to article 37.07, section 3(i), the trial court committed error by admitting his 1992 misdemeanor conviction into evidence at the punishment phase of his trial. *Id.* The court rejected the complaint on the general principle that, to preserve error in admitting evidence, the petitioning party must make a specific objection at the time the evidence is admitted and obtain a ruling on that objection. *Id.*; *see also* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Here, appellant not only failed to object to the admission of his prior misdemeanors at the time they were introduced into evidence, but he also agreed to their admission and stipulated that he was the one convicted in each instance. He therefore waived his complaint.

**We note that at least one court of appeals has held that the prohibition in article 37.07, section 3(i), is directed to juvenile adjudications, not to misdemeanor convictions.** ***See Hooks v. State*, 73 S.W.3d 398, 402 (Tex. App.CEastland 2002, no pet. h.)** **(evidence of the defendant=s past misdemeanor convictions properly admitted because in context section 3(i) relates to juvenile adjudications);**[1] *see also Freeman*, 74 S.W.3d at 917 (concerning evidence of prior

---

[1] Originally, section 3(i) was classified as section 3(h). Section 3(a)(1), which addresses a juvenile adjudication, references section 3(h) and its prohibition on admission of misdemeanors before 1996. *See Hooks v. State*, 73 S.W.3d 398, 402 (citing Act of June 2, 1997, 75th Leg., R.S., ch. 1086, ' 31, 1997 Tex. Gen. Laws 4179, 4191).

juvenile adjudications).  Because of our disposition of appellant=s complaints, we need not decide that issue.

 We overrule appellant=s third point of error.

## CONCLUSION

Because we overrule all of appellant=s points of error, we affirm the judgment of the district court.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed:   October 24, 2002

Do Not Publish