NO. 07-03-0452-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 16, 2004

_____

JEFFERY THOMAS PARADISE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 411TH DISTRICT COURT OF POLK COUNTY;

NO. 17,149; HON. ROBERT HILL TRAPP, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Jeffery Thomas Paradise appeals his conviction for indecency with a child. After a jury trial, appellant was found guilty and sentenced to 12 years imprisonment. He timely filed a notice of appeal, and counsel was appointed to represent him. The latter has

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

moved to withdraw after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he has searched the record and found no arguable grounds for reversal. The brief illustrates that appellant was informed of his right to review the record and file his own brief. So too did we inform appellant that any brief he cared to file had to be filed by March 11, 2004. Upon request by appellant, that deadline was extended to April 12, 2004. To date, appellant has neither filed a *pro se* response nor moved for an additional extension of time.

We will proceed to address the validity of the issues raised by appointed counsel. The first is the legal and factual sufficiency of the evidence to sustain the conviction which counsel explains is sustainable on the testimony of the child victim alone. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. 2004); *Perez v. State,* 113 S.W.3d 819, 838 (Tex. App.--Austin 2003, pet. ref'd). Further, the intent to arouse or gratify appellant's sexual desire can be inferred from appellant's conduct without an oral expression of intent. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Wallace v. State,* 52 S.W.3d 231, 234 (Tex. App.--El Paso 2001, no pet.). Thus, the victim's testimony that appellant pulled down her panties, touched her on her private parts, put his finger inside of her, and rubbed her was sufficient to uphold the conviction even though appellant denied having performed any of those acts.

The second issue concerns the effective assistance of appellant's trial counsel. Appellate counsel points out that trial counsel had a grasp of the facts and the applicable law, adequately cross-examined the State's witnesses, presented a witness on appellant's behalf at the punishment hearing, objected to improper questioning and successfully

2

challenged potential jurors during voir dire. No evidence of record illustrates that counsel failed to provide a vigorous defense.

Next, counsel discusses the challenge of a potential juror for cause. The trial court overruled appellant's challenge for cause to potential juror DeWayne Oates who knew the family of the victim and also had an adopted sister who had been sexually assaulted. Nevertheless, Oates stated he could be fair and impartial. The trial court does not abuse its discretion in refusing to grant a challenge for cause if the record shows as a whole that the juror can set aside his preconceptions. *Freeman v. State,* 74 S.W.3d 913, 915 (Tex. App.--Amarillo 2002, pet. ref'd).

Finally, the trial court also admitted the testimony of Lieutenant Darryl Hartless over appellant's objection. Hartless testified that he had visited appellant in jail after appellant had invoked his right to counsel in order to warn appellant that he was making statements that might cause him to be harmed by other prisoners in jail. As he was doing so, appellant asked him, "How much time do you think I'm going to get for this offense?" A voluntary oral statement made by an accused while in custody is admissible if it is not the result of custodial interrogation. Tex. Code Crim. Proc. Ann. art. 38.22 §5 (Vernon Supp. 2004); *Griffith v. State,* 55 S.W.3d 598, 603 (Tex. Crim. App. 2001) (holding there is no Fifth Amendment right to counsel if there is no interrogation). Custodial interrogation includes not only express questioning but any words or actions on the part of police that they know are reasonably likely to elicit an incriminating response. *Jones v. State,* 795 S.W.2d 171, 174 (Tex. Crim. App. 1990). In this instance, the officer did not question appellant but provided a warning for his own safety. There was no reason for him to know that appellant

3

would pose the question that he did. For this reason, the trial court did not abuse its discretion.

We have also conducted our own review of the record pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) and have found no arguable issue warranting reversal.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.


Per Curiam

Do not publish.