**Affirmed and Memorandum Opinion filed April 15, 2014.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-12-01131-CR

_____

**PAUL ARRINGTON WOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th Distict Court**
**Harris County, Texas**
**Trial Court Cause No. 1334849**

_____

**NO. 14-12-01132-CR**

_____

**LONE STAR LUBE & WASH, LP, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th Distict Court**
**Harris County, Texas**
**Trial Court Cause No. 1334851**

# MEMORANDUM OPINION

Appellants, Paul Arrington Wood and Lone Star Lube & Wash LP, contend the trial court erred by failing to quash their respective indictments. We affirm.

## I. BACKGROUND

Appellants were charged with felony water pollution under section 7.145 of the Water Code. *See* Tex. Water Code Ann. § 7.145 (West 2008).[1] Specifically, Wood was indicted as follows, and Lone Star's indictment is identical except for the difference in defendant name:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, [Wood], hereafter styled the Defendant, heretofore on or about **JANUARY 30, 2009**, did then and there unlawfully, intentionally or knowingly discharge or allow the discharge of a waste or pollutant, namely **INDUSTRIAL WASTE**, into or adjacent to water in the State, namely **A SANITARY SEWER LOCATED NEAR 19727 STOKES ROAD**, that caused or threatened to cause water pollution, said discharge not being in strict compliance with all required permits or with an order issued or a rule adopted by the appropriate regulatory agency, namely the Texas Commission on Environmental Quality and/or the city of Waller, Texas.

---

[1] In pertinent part, section 7.145 provides,

(a) A person commits an offense if the person, acting intentionally or knowingly with respect to the person's conduct, discharges or allows the discharge of a waste or pollutant:

> (1) into or adjacent to water in the state that causes or threatens to cause water pollution unless the waste or pollutant is discharged in strict compliance with all required permits or with an order issued or a rule adopted by the appropriate regulatory agency; or

> (2) from a point source in violation of Chapter 26 or of a rule, permit, or order of the appropriate regulatory agency.

Tex. Water Code Ann. § 7.145.

2

It is further presented that in Harris County, Texas, [Wood], hereafter styled the Defendant, heretofore on or about **JANUARY 30, 2009**, did then and there unlawfully, intentionally or knowingly discharge or allow the discharge of a waste or pollutant, namely **INDUSTRIAL WASTE**, from a point source, namely **A HOLDING TANK AND/OR DISCHARGE LINE**, in violation of Water Code §26.121(d), prohibiting the unauthorized discharge of **INDUSTRIAL WASTE** into any water in the state.[2]

Appellants filed motions to quash the indictments, which the trial court denied. Thereafter, appellants entered guilty pleas pursuant to plea bargains with the State. The trial court accepted the pleas and entered judgments against appellants. The trial court certified that appellants have the right to appeal only matters raised in their motions to quash.

## II. ANALYSIS

Appellants assert that the indictments allege appellants discharged or allowed the discharge of a waste or a pollutant into or adjacent to "water in the state," namely "A SANITARY SEWER." Appellants argue they were not charged with an offense under section 7.145 because "a sanitary sewer" is not included in the definition of "water in the state" located in section 26.001(5) of the Water Code. Tex. Water Code Ann. § 26.001(5) (West 2008).

However, even if appellants' statutory construction is correct, the second paragraph of the indictments, which charged an alternative means of committing the same offense, does not allege appellants polluted a sanitary sewer. Instead, the paragraph alleges appellants discharged industrial waste from a point source, namely a holding tank and/or discharge line, in violation of section 26.121(d), prohibiting the unauthorized discharge of industrial waste "***into any water in the***

---

[2] "Except as authorized by the commission, no person may discharge any pollutant, sewage, municipal waste, recreational waste, agricultural waste, or industrial waste from any point source into any water in the state." Tex. Water Code Ann. § 26.121(d) (West 2008).

*state*." The second paragraph does not define what "water in the state" appellants allegedly polluted and, thus, does not contain the alleged defect about which appellants complain.

In a charging instrument, a count charges the offense itself and a paragraph is a portion of the count which charges the method of committing the offense. *Freeman v. State*, 74 S.W.3d 913, 916 (Tex. App.—Amarillo 2002, pet. ref'd). "A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense." Tex. Code Crim. Proc. Ann. art. 21.24(b) (West 2009). "A count is sufficient if any one of its paragraphs is sufficient." *Id.* art. 21.24(c); *see also State v. Florio*, 845 S.W.2d 849, 852 (Tex. Crim. App. 1992).

Because appellants' challenge does not apply to the plain language of one of the two paragraphs alleging a section 7.145 violation, appellants have not established that, as to that paragraph, the indictment was defective.[3] Thus, the trial court did not err by denying appellants' motion to quash. Although appellants argue that the only evidentiary basis for their conviction is discharge of pollutants into a sanitary sewer, the State's evidence was not fully developed because the case was never tried. Accordingly, the scope of the evidence does not inform our review of the motion to quash the indictment. *See Shipp v. State*, 331 S.W.3d 433, 434 n.7 (Tex. Crim. App. 2011); *State v. Rogers*, 138 S.W.3d 524, 526 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also State v. Rosseau*, 396 S.W.3d 550, 558 n.9 (Tex. Crim. App. 2013). Therefore, we do not reach the question of

---

[3] *Cf. Watts v. State*, 140 S.W.3d 860, 868 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) ("With respect to the second count, the State did not allege a drainage ditch, i.e., it did not identify the 'water in the state.' Thus, the jury was authorized to convict appellant under the second count if it found he discharged sewage from a point source into or adjacent to any 'water in the state.'").

4

whether a sanitary sewer is "water in the state." We overrule appellants' sole issue.

We affirm the trial court's judgment.

/s/     John Donovan
        Justice


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).