George Ray LATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–00236–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1991.

George McCall Secrest, Jr., Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted in a jury trial of the offense of aggravated sexual assault. The jury assessed punishment, enhanced, at life in the Texas Department of Corrections, Institutional Division. The appellant brings two points of error alleging reversible error occurred when: (1) the trial court improperly commented in the venire's presence during the defense counsel's voir dire; and (2) the prosecutor's jury argument injected facts into the case which were not supported by the record. We affirm.

Since the appellant makes no challenges to the sufficiency of the evidence, it is unnecessary to discuss the facts in the case. Appellant's points of error do not relate to any factual assertions. It is sufficient to note that the evidence showed that the appellant placed his finger and tongue

in the genital area of his eight-year-old niece, the complainant.

In his first point of error the appellant alleges that the trial court committed reversible error by commenting during the defense counsel's voir dire as to the venire's views concerning the cross-examination of child witnesses.

During defense counsel's voir dire the following exchange took place between the defense counsel, a juror and the court:

DEFENSE COUNSEL: Mr. Pasche, I want to talk to you just a bit about a child testifying in court, some of your responses. Now, that we have talked about it and brought it out a little bit, do you feel like there is a—let's start this by saying that the constitution says that no one shall be accused of something without the opportunity to confront their accusers. And that is, in simple words, cross-examination. That means that I can't say that Ms. Sugita stole my wallet unless she or her representatives has an opportunity to cross-examine me to pull out the rest of the relevant facts. Now, along those same lines, I have the right to cross-examine a child who is making the accusations in this case. How are you going to react to my cross-examination of a child?

THE JUROR: I think that goes back to kind of your question from before. I think that if there has been no reasonable doubt, then I would say that I would really have a problem with a defense counsel badgering and twisting testimony in order to, if that was the only way to make it seem like a reasonable doubt, I would have a real problem with that. I would be swayed by that. There would have to be something more, some purpose besides just simple twisting of testimony. I am not communicating it real well.

THE COURT: Ladies and Gentlemen, these two folks aren't controlling everything that is going to be happening in this courtroom. Lucky for me and sometimes for you, I get to do a lot of that. So, on the whole area of questioning of any witness, be it a child witness or

anybody else, if you want to hold it against the attorney doing it, if you want to band together and string him up as he walks outside the courthouse, that is a different question. And I am not going to tell you how far they can or can not (sic) go. And you may be imagining something that they would not get close to in this courtroom. Whatever happens, you are not to hold it against the defendant because of something the defense attorney does. Can we have that agreement? Anybody opposed to an agreement something like that? I may help you with the rope. I don't know what he is thinking about.

DEFENSE COUNSEL: I object to that. May I approach the bench?

■ In determining whether a trial court's comments are improper, the test is whether the remark was reasonably calculated to prejudice the defendant's rights. *Varela v. State*, 561 S.W.2d 186, 192 (Tex. Crim.App.1978); *Ables v. State*, 519 S.W.2d 464 (Tex.Crim.App.1975); The focus in this test is whether or not the **defendant's** rights were prejudiced, not the rights of his counsel.

■ This court takes offense at the comments of the trial court. The comments were without reason and completely unnecessary. Defense counsel was perfectly within his rights to question the venire on its views concerning the cross-examination of children. The crux of this case hinged on the testimony of a child witness. A trial judge, though he may personally resent vigorous cross-examination of children and child victims, should not communicate those feelings to the venire. The court's comments about helping with the rope to string the attorney up were clearly improper. Though directed at counsel, such comments may influence the jurors, for the power of the court is not lost on the jury.

■ As to the specific comments in this case, while we find them to be improper, we find nothing to indicate that they prejudiced the jury against the appellant. The trial court, while making his impromptu speech, did tell the venire not to hold the appellant responsible for the actions of the

attorney. Further, the court gave an immediate instruction to the venire to disregard his remarks. We hold that the instruction cured any possible harm to appellant. The first point of error is overruled.

 Appellant's second point of error alleges that reversible error occurred during the prosecutor's final argument during the guilt/innocence phase of the trial. Specifically, appellant contends that the prosecutor injected facts into the argument which were not supported by the evidence.

Permissible jury arguments by the State fall into one of four categories: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing counsel; and (4) pleas for law enforcement. *Allridge v. State,* 762 S.W.2d 146, 155 (Tex.Crim.App. 1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *Alejandro v. State,* 493 S.W.2d 230, 231–232 (Tex.Crim. App.1973).

During the final argument the prosecutor stated:

> I am not really big on messages that we send with our verdict, but in this case it's appropriate. Here's what you do if you cut him loose. You send a message to Jaime and her grandma that they went through all of this, they went through all the police, all the examinations, the testimony, cross-examination, and what happened? Well, the jury sent Uncle Ray home with us. That is where he is going to be tonight and walk up on her front door if he wants to.

Appellant contends that the remarks as to the appellant going home with the complainant were outside the record. The trial court agreed with the appellant and sustained his objection and instructed the jury to disregard the prosecutor's statement. First of all, we do not believe that the prosecutor's argument was improper. The State is allowed to argue reasonable deductions from the evidence. *Allridge,* 762 S.W.2d at 155. The complainant, her grandmother, and the appellant testified that the appellant resided at the home of the complainant at the time of the offense. It happens that the residence belongs to the complainant's grandmother, the mother of the appellant. It was not unreasonable to argue that the appellant could return to that residence.

Secondly, as stated above, the trial court sustained appellant's objection and instructed the jury to disregard. The court's action cured any possible error. *See Alto v. State,* 739 S.W.2d 614 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Appellant's second point of error is overruled.

We affirm the judgment of the trial court.