NO. 07-10-0136-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 29, 2011

_____

WILLIAM KELLY WOODALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 66TH DISTRICT COURT OF HILL COUNTY;[1]

NO. 35,897; HONORABLE F. B. (BOB) MCGREGOR, JR., JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**OPINION**


This appeal involves an analysis of the limits to which a trial court can go during *voir dire* in order to insure that a fair and impartial jury is selected in a criminal case where the only issue is punishment. By one indictment, Appellant, William Kelly

_____

[1]Originally appealed to the Tenth Court of Appeals (Waco), this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. Tex. Gov't Code Ann. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. Tex. R. App. P. 41.3.

Woodall, was charged with two counts of aggravated sexual assault of a child,[2] six counts of indecency with a child[3] and two counts of sexual assault of a child.[4] Ultimately, he pleaded "no contest" to all ten counts; however, prior to the commencement of trial, he filed an *Application for Probation*.[5] Because he could not receive community supervision from the court,[6] Appellant chose to have a jury assess his punishment. Appellant now presents four issues, all directed to the jury selection process. Finding no error, we affirm.

## Background Facts

The facts flowing from Appellant's pleas of no contest are minimal. Appellant is the complainant's stepfather. According to the complainant, who was sixteen years old at the time of trial in 2010, Appellant began sexually abusing her when she was six or seven years old.[7] She testified that Appellant acted inappropriately approximately fifty

---

[2]Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2010). An offense under this section is a felony of the first degree.

[3]Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2010). An offense under this section is a felony of the second degree.

[4]Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 2010). An offense under this section is a felony of the second degree.

[5]A jury may grant community supervision to an otherwise eligible defendant only if before trial the defendant files a written sworn motion averring that he has not previously been convicted of a felony in this or any other state. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (West Supp. 2010). In this case, the record reflects that Appellant filed an application which stated *in toto*: "Now comes William Kelly Woodall, the Defendant herein, and asks the court to consider his Application for Probated Sentence."

[6]A judge may not suspend the imposition of sentence and place a defendant on community supervision upon conviction of an offense under §§ 21.11(a)(1), 22.011, or 22.021 of the Texas Penal Code. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (West Supp. 2010).

[7]Accusations in the indictment only date back to July 1, 2007, when the complainant was approximately thirteen years old. By his voluntary statement given on April 13, 2009, Appellant provided that the abuse began two and a half years earlier.

times.[8]  She eventually confided in her two best friends who in turn confided in their parents.  One of those parents broke the news to the complainant's mother in April 2009.  After the complainant and her mother spoke about the abuse, the mother reported it to the sheriff's department.

At trial, after being admonished by the trial judge as to the consequences of his pleas, Appellant entered a plea of "no contest" to each count and the State introduced a written stipulation of evidence.  Based upon his plea and the stipulated evidence, the judge found the allegations in each count of the indictment to be true and adjudicated him guilty on all counts. The case proceeded to jury selection.

Shortly after qualification of the jury panel, it came to the judge's attention that the complainant's grandfather was a member of the jury panel.  He was excused by agreement without any further discussion.  The judge proceeded to explain to the jury panel the range of punishment for the offenses on trial and the requirement that every juror selected must to be able to consider the full range of punishment, including community supervision.  Although individual responses were not recorded, the judge later indicated that the jury panel, as a whole, expressed an ability to follow those instructions. Following the trial court's general instructions, both the State and Appellant had an opportunity to question the jury panel.  During Appellant's *voir dire,* his defense counsel repeatedly asked individual panel members whether or not they could consider community supervision.  At least twenty-three jurors stated that they could not consider community supervision in a case involving aggravated sexual assault of a child.  No

---

[8]In his voluntary statement, Appellant admitted forty to fifty occurrences of inappropriate conduct.

contemporaneous challenges for cause were made. At the conclusion of *voir dire*, the judge asked counsel if they had any challenges for cause. The State had none, but the defense challenged the twenty-three prospective jurors "based on the fact that they cannot consider probation in a case involving aggravated sexual assault of a child." The judge then summoned each challenged juror individually to the bench for further questioning by the court. After discussing a hypothetical aggravated sexual assault involving consensual sex between a seventeen year old and a thirteen year old, the judge then asked each juror a rehabilitation question. Based upon their responses, the judge granted ten challenges for cause, overruled eleven challenges for cause, and never ruled on two challenges for cause. Defense counsel's request for additional peremptory challenges was denied. A jury was seated and following the presentation of punishment evidence, that jury assessed ten separate sentences as follows: sixty years confinement for the two counts of aggravated sexual assault, twenty years confinement for the six counts of indecency with a child and twenty years confinement for the two counts of sexual assault. The trial judge ordered the sentences to be served concurrently.

Appellant presents four issues concerning alleged errors committed during *voir dire*. Specifically, he contends (1) the trial judge abused his discretion by abandoning his role as magistrate and assuming the role of an advocate for the State by actively attempting to rehabilitate challenged prospective jurors; (2) the trial judge committed reversible error by denying his challenges for cause; (3) the trial judge committed reversible error by asking prospective jurors impermissible "commitment" questions;

4

and (4) the trial judge erred in failing to quash the jury panel based on the presence of the complainant's grandfather on that panel.

## Standard of Review

It is a well-established principle that the conduct of *voir dire* rests largely within the sound discretion of the trial judge. *Woods v. State*, 152 S.W.3d 105, 108 (Tex.Crim.App. 2004), *cert. denied*, 544 U.S. 1050, 125 S.Ct. 2295, 161 L.Ed.2d 1092 (2005); *Martinez v. State*, 867 S.W.2d 30, 35 (Tex.Crim.App. 1993). The appropriate standard of review is whether the trial judge abused that discretion; *Boyd v. State*, 811 S.W.2d 105, 115-116 (Tex.Crim.App.), *cert. denied*, 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991), and "[t]he appropriate standard of harm is to disregard the error unless a substantial right has been affected." *Woods*, 152 S.W.3d at 109. "A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 109-110.

Appellate review of a trial judge's decision to grant or deny a challenge for cause is deferential to the trial judge due to his or her superior position in evaluating a prospective juror's demeanor and responses, as well as the context and tone in which questions were asked and answered. *See Rachal v. State*, 917 S.W.2d 799, 810 (Tex.Crim.App. 1996). *See also Bell v. State*, 233 S.W.3d 583, 590 (Tex.App.--Waco 2007, pet. ref'd). Accordingly, a trial judge's ruling on a challenge for cause will be reversed only if a clear abuse of discretion is evident. *Russeau v. State*, 171 S.W.3d 871, 879 (Tex.Crim.App. 2005).

When a prospective juror's answers are vacillating, unclear or even contradictory, we accord great deference to the trial judge who had the better opportunity to see and hear the prospective juror. *Swearingen v. State,* 101 S.W.3d 88, 99 (Tex.Crim.App. 2003). Furthermore, the entire *voir dire* record is reviewed to determine whether the trial judge had a rational basis for his or her conclusions. *Granados v. State*, 85 S.W.3d 217, 229 (Tex.Crim.App. 2002); *Bell*, 233 S.W.3d at 590.

## Issue One - Questioning by the Court

Appellant contends the trial judge abused his discretion by personally questioning prospective jurors who asserted they would not be able to consider the full range of punishment. To preserve a complaint for appellate review, the record must show that the complaint was made known to the trial judge by a timely request, objection, or motion that states the grounds for the complaint with sufficient specificity to make the judge aware of the complaint, unless the grounds are apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State,* 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). No objection was made by Appellant's counsel that the trial court erred in any way by personally questioning prospective jurors. By failing to present this objection at trial, Appellant failed to preserve the issue for review.

That said, a trial judge has the inherent authority to question prospective jurors regarding their qualifications and ability to serve as fair and impartial jurors. In *Gardner v. State*, 733 S.W.2d 195, 210 (Tex.Crim.App. 1987), the appellant argued it was

reversible error for the trial court to question prospective jurors beyond initial questioning regarding points of law. In disagreeing, the Texas Court of Criminal Appeals examined article 35.16(a) and determined it did not prohibit additional questioning by the trial court and it would not infer such a prohibition. *Id.* The Court noted that it has implicitly approved such a practice "time and time again." *Id.* Thus, a trial court may intervene by asking questions during *voir dire* for the purpose of clarification and expedition. *Id.* Only when a trial court's questions or comments are reasonably calculated to benefit the State or prejudice the defendant will reversible error occur. *Id.* Accordingly, issue one is overruled.

## Issue Two - Denial of Challenges for Cause

By his second issue, Appellant contends the trial judge erred in denying various challenges for cause because the complained of prospective jurors were biased[9] because they could not consider the full range of punishment, specifically the possibility of community supervision. A defendant may challenge a prospective juror for cause whenever that juror has a bias or prejudice against any phase of the law applicable to the case upon which that defendant is entitled to rely. *Cardenas v. State*, 325 S.W.3d 179, 184-85 (Tex.Crim.App. 2010). In such circumstances, the test is whether the bias or prejudice would prevent or substantially impair the prospective juror's ability to fully follow the law as set out in the trial court's instructions and as required by the juror's

---

[9]In support of his argument, Appellant relies on, among other intermediate appellate court decisions, *State v. Dick*, 69 S.W.3d 612, 620 (Tex.App.--Tyler 2001, no pet.), and *Gum v. Schafer*, 683 S.W.2d 803, 808 (Tex.App.--Corpus Christi 1984, no writ), for the proposition that a biased prospective juror cannot be rehabilitated. However, both *Dick* and *Gum* were overruled for that proposition in *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 91-92, n.2 (Tex. 2005).

oath.  *Swearingen,* 101 S.W.3d at 99; *Feldman v. State,* 71 S.W.3d 738, 744 (Tex.Crim.App. 2002).  The laws pertaining to punishment, including community supervision, are laws upon which a defendant is entitled to rely.  Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (West 2006).  Therefore, once a prospective juror admits an inability to consider the full range of punishment, including community supervision, a sufficient foundation has been laid to support a challenge for cause.  *Cumbo v. State,* 760 S.W.2d 251, 255-56 (Tex.Crim.App. 1998).

As the State suggests, Appellant focuses solely on the prospective jurors' negative answers.  As a reviewing court, we examine jury selection in its entirety, not just in a vacuum, to determine whether the trial court's conclusions were warranted. *See Granados*, 85 S.W.3d at 229.  *See also Howard v. State*, 941 S.W.2d 102, 107-08 (Tex.Crim.App. 1996).  Before a prospective juror can be challenged under article 35.16, the law must be explained to the prospective juror and he or she must be asked whether they can follow the law regardless of their personal views.  *Jones v. State,* 982 S.W.2d 386, 390 (Tex.Crim.App. 1998).  The proponent of a challenge for cause has the burden to show that the challenge was proper.  *Feldman,* 71 S.W.3d at 747. Accordingly, in such circumstances, the proponent does not meet that burden until the record shows that the prospective juror understood the requirements of the law and could not overcome any bias or prejudice.  *Id.*  In ruling upon such a challenge for cause based upon the inability of a prospective juror to consider community supervision, the trial judge is deserving of great deference because he or she is in a superior position to evaluate both the prospective juror's demeanor and responses, as well as the context

and tone in which questions were asked and the responses given. *Rachal*, 917 S.W.2d at 810.

Here, the trial court was faced with a situation where the prospective jurors had previously stated an ability to follow the law, but were now being challenged based upon their response to defense counsel's repeatedly asked question, "Can you consider probation on a case when someone is convicted of aggravated sexual assault *of a child*?" (Emphasis added). Defense counsel never fully explained the applicable law, nor did he ask prospective jurors whether they could set aside their personal convictions and follow the law. Based upon the trial judge's earlier admonishments[10] and the hypothetical presented, several challenged jurors stated that they could set aside their personal convictions and consider the full range of punishment. As to those jurors, Appellant's challenges for cause were denied. The jurors who persisted in asserting that they could not set aside their previously stated bias were excused.[11] Faced with contradictory responses from the prospective jurors, under the circumstances of this

---

[10]In the instant case, prior to commencement of *voir dire* examination by counsel, the trial judge instructed the jury, "[y]ou must be able to consider the full range of punishment all the way from probation to the maximum amount that the law would require . . . ." The court reiterated the instruction as follows:

> [b]ut you must be -- and you must be able to consider a situation -- not necessarily this situation, but for the category of offense, you must be able to consider the full range of punishment from the minimum, however fleeting, to the maximum, however fleeting. In other words, you have to at least be able to consider it . . . . It's just a matter of whether you can consider, however fleeting, the total range of punishment.

The judge emphasized the instruction a third time before asking the panel if there was anyone who could not follow the law. No one responded and the judge made the statement "this jury has all said they can follow the law and can follow the Court's instructions."

[11]The only prospective juror to be seated on the jury who vacillated on her ability to consider the full range of punishment was D. Shaw who, after questioning by the trial court, stated, "I think I could be unbiased."

case, we cannot say that the trial judge clearly abused his discretion in denying Appellant's challenges for cause.  Issue two is overruled.

## Issue Three - Commitment Questions

By his third issue, Appellant vehemently contends the trial court committed reversible error by impermissibly asking the jury panel "commitment questions" on whether they would be able to consider the full range of punishment for the crimes to which Appellant had plead "no contest."  Appellant contends the trial court's line of questioning prevented a fair and impartial jury from being seated.  We disagree.

A commitment question is a question that commits a prospective juror to resolve or refrain from resolving an issue a certain way after learning a particular fact.  *Davis v. State,* ___ S.W.3d ___, No. PD-1400-10, 2011 Tex. Crim. App. LEXIS 416, at *2 (Tex.Crim.App. 2011); *Standefer v. State*, 59 S.W.3d 177, 179 (Tex.Crim.App. 2001). Such questions are often designed to elicit a "yes" or "no" answer in which one or both of the possible answers commits the jury to resolving an issue a certain way. *Standefer,* 59 S.W.2d at 179*.*  Not all commitment questions are improper.  *Id.* at 181. For a commitment question to be proper, one of the possible answers to that question must give rise to a challenge for cause.  *Id.* at 182.  Even if the question meets this challenge for cause requirement, "the question may nevertheless be improper if it includes facts *in addition* to those necessary to establish a challenge for cause."  *Id.*  To be proper a commitment question must contain *only* those facts necessary to test whether a prospective juror is challengeable for cause.  *Id.*  (Emphasis in original).

10

As *voir dire* progressed, numerous prospective jurors vacillated on their ability to consider the full range of punishment, in particular community supervision, in a case involving sexual crimes against a child. After Appellant challenged the twenty-three prospective jurors who indicated that they could not consider community supervision in such a case, the trial court intervened and questioned them as to whether they could consider community supervision for the category of offense charged in a situation where the accused was seventeen years old and the victim was under age fourteen, but the sexual encounter was consensual. Based upon their responses, the judge granted ten challenges for cause, overruled eleven challenges for cause, and never ruled on two challenges for cause. Defense counsel then requested but was denied twenty-two additional peremptory strikes.

Appellant relies on *Barajas v. State*, 93 S.W.3d 36, 40 (Tex.Crim.App. 2002), and *Freeman v. State*, 74 S.W.3d 913, 916 (Tex.App.--Amarillo 2002 pet. ref'd). In *Barajas*, an indecency with a child case, defense counsel asked prospective jurors if they could be fair and impartial in a case in which the victim was nine years old. The trial court did not permit the question and review was granted to determine whether the trial court abused its discretion. The Court concluded the question was too vague to be a proper question and found no abuse of discretion.

In *Freeman*, which was remanded from the Texas Court of Criminal Appeals for consideration under *Standefer*, this Court affirmed the trial court's refusal to allow defense counsel in a murder trial to question prospective jurors as to the possible effect on their verdict if the victim was a two-week old child. We concluded that under the test

in *Standefer*, the question called for potential jurors to commit to resolve or refrain from resolving an issue a certain way after learning of a particular fact. *Freeman*, 74 S.W.3d at 915-16.

We find *Barajas* and *Freeman* to be inapposite because neither case involved questioning by the trial court and both cases involved questions that injected facts specific to that particular case - two circumstances not present in this case. Appellant has not cited us to any authority, and we have found none, in which the trial judge committed reversible error by questioning prospective jurors, in an attempt to rehabilitate them, by using a hypothetical question not specific to the facts of that particular case. *See* Tex. R. App. P. 38.1(i). In the underlying case, the question posed by the trial judge to the challenged prospective jurors was not intended to commit them to resolve or refrain from resolving the issue of punishment a certain way after learning a particular fact relevant to this case. The hypothetical question posed by the trial judge merely clarified for the jury the broad range of potential facts that could constitute the offense charged, to-wit: aggravated sexual assault. Appellant has not shown that the trial court's questioning was intended to nor actually did benefit the State or prejudice him. Under the facts of this case, we conclude the trial judge did not err in questioning prospective jurors on whether they could consider the full range of punishment. Issue three is overruled.

## Issue Four - Complainant's Grandfather on Panel

By his fourth and final argument, Appellant maintains the trial court erred in failing to quash the entire jury panel based on the presence of the complainant's grandfather on that panel. According to Appellant's brief, his mere presence on the jury panel constituted an unacceptable risk that other jurors would be prejudiced against him to the extent that he would be deprived of a fair trial. We disagree.

According to the record, defense counsel made the trial court aware that the complainant's grandfather was on the panel and asked for an admonishment that the panel not discuss the case with anyone. The requested admonishment was given and prior to *voir dire* by counsel, the complainant's grandfather was excused by agreement. Appellant argues that a prospective juror who was ultimately selected to serve as a petit juror was seated next to the complainant's grandfather during *voir dire* and that her presence tainted the entire jury panel. No request to quash the jury panel was ever made.

This Court has reviewed the entire jury selection process and we disagree with Appellant for two reasons. First, Appellant's argument is based, in part, upon a post-trial conversation his counsel allegedly had with the objectionable juror. That conversation is outside the record and we are restrained to the trial court record when reviewing a direct appeal. *See Parks v. State*, 473 S.W.2d 32, 33 (Tex.Crim.App. 1971) (holding that a complaint about jury selection relying upon factors outside the record would not be considered on appeal). Second, even if some evidence of an

objectionable influence on the jury panel appeared of record, Appellant did not preserve his complaint by requesting the trial court to quash the jury panel or otherwise bring the matter to the trial court's attention. *See* Tex. R. App. P. 33.1(a). Appellant's failure to develop the record and preserve the complaint for appellate review leaves this Court with no alternative but to overrule his fourth issue.

## Conclusion

Having overruled Appellant's four issues, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Publish.