**Opinion filed July 31, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00047-CR

_____

**RAYMON FLORES LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 23-6045**

## M E M O R A N D U M   O P I N I O N

Appellant, Raymon Flores Lopez, pleaded guilty to sexually assaulting fourteen-year-old J.V.,[1] a second-degree felony offense. *See* TEX. PENAL CODE

---

[1]To protect the identity of the complainants, we refer to them by the pseudonym given in the indictment and refer to family members with pseudonyms as well. *See* TEX. CONST. art. I, § 30(a)(1) (West 2022) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process"); *see generally* TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

ANN. § 22.011(a)(2), (f) (West Supp. 2024). Following a jury trial on punishment, Appellant was sentenced to twenty years' imprisonment. *See id.* § 12.33 (West 2019).

In two issues on appeal,[2] Appellant argues that the trial court abused its discretion in overruling his (1) request for continuance to conduct investigations into potentially exculpatory or mitigating evidence revealed by the State days before trial and (2) objections to the trial court's questioning of the venire panel during voir dire.

## I. *Factual and Procedural History*

On November 30, 2023, four days before trial, Appellant filed a motion for continuance, stating that the State had notified Appellant that it was in receipt of some correspondence from J.V.'s father, but as of the date Appellant filed the motion, the discovery had not been provided. Appellant argued that he was entitled to the missing information and to investigate any exculpatory or mitigating circumstances that may be available. The trial court denied Appellant's motion.

On December 4, 2023, the first day of trial, Appellant filed a second motion for continuance. Appellant stated that the State had since provided the correspondence from J.V.'s father, and Appellant's counsel had been able to communicate with a person via Facebook who he believed to be J.V.'s father and "who seemingly had familiarity with the details of this case." Appellant's counsel informed the trial court that the person "questions [Appellant's] guilt," but that counsel had been unable "to secure what evidence exactly [the person] may have nor was he able to get [the person] to disclose his location." Citing J.V.'s father as a necessary witness, Appellant requested a continuance to investigate the possible

---

[2]We address the issues in the order that would afford Appellant the greatest amount of relief if meritorious. *See Williams v. State*, 707 S.W.3d 233, 237 n.4 (Tex. Crim. App. 2024) (citing *Benavidez v. State*, 323 S.W.3d 179, 182 (Tex. Crim. App. 2010)); *see also Carbajal v. State*, 659 S.W.3d 164, 179 n.4 (Tex. App.—El Paso 2022, pet. ref'd); *Chaney v. State*, 314 S.W.3d 561, 565 (Tex. App.—Amarillo 2010, pet. ref'd).

2

mitigating or exculpatory evidence in the person's possession. The trial court denied Appellant's motion, Appellant pleaded guilty, and the case proceeded to a trial on punishment. The following evidence was produced at the punishment trial.

On February 12, 2023, J.V. and her father had been staying with her father's friend, Appellant. J.V. testified that she was asleep when Appellant came into her bedroom and began touching her legs. As J.V. awoke, Appellant notified J.V. that they were alone and propositioned J.V. for sex. J.V. testified that she repeatedly told Appellant, "no," but he ignored her, took off her blanket, and attempted to digitally penetrate her. Appellant then engaged in penile to vaginal penetration before ejaculating onto a blanket and instructing J.V. "not to tell anyone because he has kids."[3] J.V. thereafter called her best friend's mother, A.H., and asked that she pick her up.

A.H. testified that when she arrived, J.V. was "wearing a jersey with not much under," and "it looked like she just grabbed something and hid, like she wasn't fully dressed." Once inside the car, J.V. told A.H. that she had been "raped" by her father's friend. A.H. called J.V.'s father, who instructed A.H. to bring J.V. back to the residence. The Gaines County Sheriff's Office became involved later that same day, and J.V. has resided with legal guardians since February 2023.[4]

At trial, Appellant admitted to sexually assaulting J.V. but testified that he had been "drunk" and was going through marital issues with his wife at the time.

## II. *Motion for Continuance*

In Appellant's second issue, he contends that he was prejudiced by the trial court's denial of his request for a continuance to "conduct investigations into

---

[3]Appellant testified that he has six children, the oldest of which was two years younger than J.V.

[4]J.V.'s legal guardian testified that as of August 2023, J.V.'s father had not been in J.V.'s life. The legal guardian explained that there was an existing protective order against J.V.'s father involving family violence against J.V.

exculpatory or mitigating evidence revealed by the State days before the trial." Appellant summarily argues that "[J.V.'s father] could have made a compelling mitigation witness." It is unclear if Appellant means to complain that the request for continuance was to conduct a further investigation *and to* procure the witness. Appellant's motion for new trial did not raise this issue, nor did he attach or allege new evidence in support of this issue. *See* TEX. CODE CRIM. PROC. ANN. art. 40.001(West 2018); TEX. R. APP. P. 21.7.

A. *Standard of Review and Applicable Law*

We review a trial court's denial of a motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)); *Stone v. State*, No. 11-21-00035-CR, 2023 WL 6321825, at *3 (Tex. App.—Eastland Sept. 29, 2023, no pet.) (mem. op., not designated for publication). The trial court has broad discretion in ruling on a motion for continuance. *Gonzales v. State*, 304 S.W.3d 838, 843–44 (Tex. Crim. App. 2010); *Gallo*, 239 S.W.3d at 764; *see* CRIM. PROC. arts. 29.06(6), 29.07 (West 2006). "In reviewing the trial court's ruling, we bear in mind the general interest in the fair and efficient administration of justice." *Brooks v. State*, No. 11-22-00339-CR, 2024 WL 1200481, at *2 (Tex. App.— Eastland Mar. 21, 2024, pet. ref'd) (mem. op., not designated for publication) (citing *Rosales v. State*, 841 S.W.2d 368, 375 (Tex. Crim. App. 1992)). "We also look to the particular facts of the case and consider the 'circumstances present in every case, particularly the reasons presented to the trial [court] at the time the request is denied.'" *Id.* (quoting *Rosales*, 841 S.W.2d at 374–75).

A defendant who files a motion for continuance claiming a need for additional time to prepare or further investigate for trial must show diligence as a precondition to the motion. *Walter v. State*, 581 S.W.3d 957, 984 (Tex. App.—Eastland 2019, pet. ref'd) (citing *Gonzales*, 304 S.W.3d at 843). Such request for delay is based on

4

nonstatutory and therefore equitable grounds. *Id.* To show reversible error predicated on the denial of a pretrial motion for continuance to further investigate or prepare, a defendant must demonstrate that he was actually harmed by the trial court's ruling. *Gonzales*, 304 S.W.3d at 843; *see Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006) ("A defendant must show 'specific prejudice to his defense' to establish that the trial court abused its discretion in refusing to grant a continuance." (quoting *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995))).

A defendant's motion for continuance based on an absent witness must also show evidence of harm. *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005). "To do this, the defendant must show 'with some degree of reliability that the witness would have testified to something material and beneficial to the accused.'" *Id.* (quoting *Parsons v. State*, 271 S.W.2d 643, 655 (Tex. Crim. App. 1953)). The motion must also show "(1) that the defendant has exercised diligence to procure the witness's attendance, (2) that the witness is not absent by the procurement or consent of the defense, (3) that the motion is not made for delay, and (4) the facts expected to be proved by the witness." *Id.* at 434; *see* CRIM. PROC. art. 29.06; *see also Grubb v. State*, No. 11-20-00037-CR, 2022 WL 320915, at *6 (Tex. App.—Eastland Feb. 3, 2022, pet. ref'd) (mem. op., not designated for publication). A subsequent motion for continuance must additionally state that the testimony cannot be procured from any other source known to the defendant and that the defendant has a reasonable expectation of procuring the testimony at the next term of court. CRIM. PROC. art. 29.07.

B. *Analysis*

Attached to Appellant's motion for continuance was a single text message dated July 26, 2023, from J.V.'s father to the State:

> I understand I might not have all to say so [sic] in this but as the father of the victim I ask[] that he does not get punished yet. There are a few things I am finding out. Now I'm just waiting for the confirmation. But if the man is innocent[,] I need to get this taken care of first.

Appellant's counsel explained in his verified motion for continuance that he contacted an individual believed to be J.V.'s father on social media following receipt of this text message on November 30, 2023—four days before trial. Although a conversation ensued on social media, Appellant did not know exactly what evidence [the person] might have nor was he able to get [that person] to reveal his location. The contents of the conversation were not included in the motion, and other attempts by Appellant to locate J.V.'s father were unsuccessful. Appellant requested time to "investigate the possibility of mitigating or exculpatory evidence that may be in possession of [J.V.'s father]."

By Appellant's own admission, what evidence may be in the possession of the person and/or J.V.'s father was unknown. Appellant could not represent to the court that it was exculpatory or even mitigating.[5] And it is unclear from the record what substantive testimony or physical evidence the person and/or J.V.'s father as a potential witness could provide or its impact on the relevant issues at trial. Although Appellant showed diligence in attempting to contact and secure J.V.'s father as a witness, speculation about evidence that Appellant *might have* developed had the trial court granted a continuance is not sufficient to establish harm. *See Renteria*, 206 S.W.3d at 702; *see also Brooks*, 2024 WL 1200481, at \*4–5 ("Texas courts have routinely held that a defendant's bare assertion that he did not have adequate time to prepare for trial or the mere speculation of potential prejudice . . . is insufficient to show harm.").

---

[5]Appellants trial counsel stated: "I don't want to get into what the evidence is or anything but -- one piece that -- that requires my investigation of whether or not there's exculpatory or -- or mitigating information.

Appellant cannot show that the trial court abused its discretion in denying his motion for continuance absent evidence indicating the substance of evidence or proposed testimony, how Appellant was harmed by the lack of this unspecified evidence or testimony, or whether Appellant would have changed his trial strategy. *See Gonzales*, 304 S.W.3d at 842–43; *see also Rendon v. State*, No. 04-22-00565-CR, 2023 WL 5418319, at *4 (Tex. App.—San Antonio Aug. 23, 2023, no pet.) (mem. op., not designated for publication) (affirming trial court's denial of the appellant's motion for continuance where the appellant argued that "[h]ad the Motion for Continuance been granted, [a]ppellant's trial counsel would have had time to investigate [those witnesses], the result of which would have almost certainly change[d] the outcome of trial" because the assertion by the appellant "lacks the requisite specificity"); *Lansana v. State*, No. 11-10-00316-CR, 2012 WL 4458175, at *3 (Tex. App.—Eastland Sept. 27, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming trial court's denial of the appellant's motion for continuance based on speculative-based evidence).

Accordingly, Appellant's second issue is overruled.

## III. *Voir Dire*

In Appellant's first issue, he argues that the trial court abused its discretion when it asked the panel alleged commitment questions during voir dire.

### A. *Standard of Review and Applicable Law*

The United States Supreme Court "has long held that a trial judge has broad discretion in the manner it chooses to conduct voir dire, both as to the topics that will be addressed, and the form and substance of the questions that will be employed to address them." *Jacobs v. State*, 560 S.W.3d 205, 210 (Tex. Crim. App. 2018). A trial court has "inherent authority to question prospective jurors regarding their qualifications and ability to serve as fair and impartial jurors." *Thomas v. State*, 470 S.W.3d 577, 595 (Tex. App.—Houston [1st Dist.] 2015), *aff'd*, 505 S.W.3d 916

(Tex. Crim. App. 2016) (first quoting *Woodall v. State*, 350 S.W.3d 691, 695 (Tex. App.—Amarillo 2011, no pet.); and then quoting *Gardner v. State*, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987) (The trial court was not prohibited from questioning jurors on issues "beyond initial questioning regarding points of law.")). A trial court "may intervene in voir dire examinations 'for purposes of clarification and expedition,' and trial court comments during voir dire do not constitute reversible error unless the comments 'are reasonably calculated to benefit the State or prejudice the defendant's rights." *Id.* at 596 (quoting *Gardner*, 733 S.W.2d at 210).

The trial court may interject and exclude voir dire questions which are confusing, misleading, vague, or are improper commitment questions. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012). "A commitment question is one that commits a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact." *Id.* (citing *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). "Commitment questions are also those that 'ask[] the prospective juror to set the hypothetical parameters for his decision-making.'" *Hall v. State*, 663 S.W.3d 15, 40 (Tex. Crim. App. 2021) (quoting *Standefer*, 59 S.W.3d at 180). However, not all commitment questions are improper. *Standefer*, 59 S.W.3d at 181. For instance, prospective jurors may be asked to commit to following the law, such as, whether they can consider the full range of punishment. *Id.*; *see also Espinosa v. State*, No. 11-22-00100-CR, 2024 WL 1862786, at *4 (Tex. App.—Eastland Apr. 30, 2024, no pet.) (mem. op., not designated for publication) ("[C]ommitment questions that are not required by the law are 'invariably improper.'"). "To determine whether a voir dire question called for an improper commitment, we must first determine whether the particular question was in fact a commitment question and, if so, then determine whether it was an improper one." *Rogers v. State*, No. 11-09-00021-CR, 2011 WL 2435406, at *1 (Tex. App.—

Eastland June 16, 2011, no pet.) (mem. op., not designated for publication) (citing *Lee v. State*, 206 S.W.3d 620, 621 (Tex. Crim. App. 2006)).

We review a trial court's ruling regarding a limitation of voir dire questioning for an abuse of discretion. *Hernandez*, 390 S.W.3d at 315; *McQueen v. State*, No. 11-21-00098-CR, 2022 WL 16984292, at *2 (Tex. App.—Eastland Nov. 17, 2022, no pet.) (mem. op., not designated for publication). "To constitute an abuse of discretion, the trial court's voir dire limitation must 'render the defendant's trial fundamentally unfair.'" *Jacobs*, 560 S.W.3d at 212 (quoting *Mu'Min v. Virginia*, 500 U.S. 415, 425–26 (1991)).

B. *Analysis*

Appellant takes issue with the following colloquy:

> [DEFENSE COUNSEL]: [Venireperson 1], I'm going to come back to you and ask you a little bit more of a question here. If the law says that in order to consider probation the Defendant can't have felony convictions; in fact, the jury has to consider the punishment being somewhere under ten years and two for probation would be appropriate and the Defendant would be deserving of that probation. Can you consider probation under those circumstances?
>
> VENIREPERSON [1]: No.
>
> [DEFENSE COUNSEL]: So [Venireperson 1], even though that's what the law says and that's what the Court is going to order the jury to follow, you would not be able to do it?
>
> VENIREPERSON [1]: No.
>
> [DEFENSE COUNSEL]: Thank you. [Venireperson 2], the same thing, under those four factors, would you be able to consider -- would you be able to realistically consider probation in this case?
>
> VENIREPERSON [2]: With no information about this case, yet, all considerations have to be on the table, yes.

9

[DEFENSE COUNSEL]: Thank you.

THE COURT: [Counsel], let me interrupt you. I have a problem with your voir dire question. The problem I have is with ["]this case.["]

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: That's not the law as I understand it. The law is: Would you be able to consider probation for a case charged under this statute?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Whether it's this case or some other case that's not before us, but that could, in some realm[,] be before us. That's the question that determines whether a person can validly answer your question as to whether they can consider probation for any case that could be charged under this statute.

[DEFENSE COUNSEL]: Yes, Your Honor, I'll adjust.

THE COURT: Very good. Thank you.

[DEFENSE COUNSEL]: [Venireperson 1], again under the guidance of the law under those four points, can you see yourself considering probation in a sexual assault of a child case.

VENIREPERSON [1]: Yes.

[DEFENSE COUNSEL]: Thanks. [Venireperson 3], same question.

VENIREPERSON [3]: No.

[DEFENSE COUNSEL]: So even if there is no felony conviction, less than ten years, if it's appropriate and deserving, under a sexual assault of a child case, you could not consider probation?

VENIREPERSON [3]: No.

10

[DEFENSE COUNSEL]: Thank you. [Venireperson 4], same question.

VENIREPERSON [4]: No.

[DEFENSE COUNSEL]: You could not consider probation, even though the law tells you that under these circumstances in a sexual assault of a child case, that that's part of the range of punishment you could consider that?

VENIREPERSON [4]: No.

THE COURT: [Counsel], I'm going to do something that I told you I was not desiring to do. I'm going to do some voir dire. Ladies and gentlemen, when you are asked the question ["]can you consider,["] the question is asked ["]can you consider whatever the question is probation or the minimum sentence or the maximum sentence.["] The question is in any set of circumstances that you can imagine or that the law can imagine would fit in the statute. For instance, sexual assault of a child younger than 18[,] older than 14 --

[DEFENSE COUNSEL]: Judge, can I --

THE COURT: -- younger than [17].

[SECOND DEFENSE COUNSEL]: And Judge, just for the record, we would object to the Court trying to come in and change the voir dire of counsel and not allowing counsel to properly voir dire the panel to take that right away from him and make it the Court who decided to voir dire, we would strongly object to the procedure that the Court is using.

THE COURT: I understand. Objection is overruled. It's not the Court's intention to take away the voir dire from counsel. Counsel can voir dire. For instance, a child cannot give consent. We've discussed that. But if one day, the birthday is the next day and has been dating with the consent of parents[,] a boyfriend who the day before celebrated his birthday making him five years older, she cannot consent. They have sexual relations, if charged and the facts establish that beyond a reasonable doubt, he could be charged with sexual assault of a child.

11

That's encompassed by the statute under which this case is proceeding, whether the facts of this case which one juror pointed out isn't known because they haven't been discussed in that type of case that fits under the statute, would you be able to consider probation. If you cannot, your answer is no. If your answer is well, under that situation, I could consider it, then the question asking can you consider encompasses any possible situation that could fit under that statutory definition. Also, when you are asked, if you are asked if you have a bias or prejudice because of your circumstances and then you're asked if you're instructed to follow the law, you need to be aware that you will be -- everyone is expected to follow the law. The question is can you follow the law? I think a proper question in the mind of a juror should be well, what is the law that I might be expected to follow or instructed is the law and I am expected to follow? The law is -- do you, one -- do you agree with the law and can you follow and apply that law? Two, and most applicable, can you set aside a bias or prejudice that you have and make a decision in a particular case based solely on the evidence that has been presented to you in this court and the trial that you're serving as a juror? If you cannot, that is perfectly fine. There's -- as somebody said, that doesn't make you a difficult or bad person. The illustration of counsel that he wouldn't be a good juror in a burglary of a habitation case is illustrated. It doesn't mean he can't be a juror. The question is a further question with a bias and prejudice can you set aside your bias and prejudice and make a decision in a burglary of a habitation case solely on the evidence presented before you.

[DEFENSE COUNSEL]:Judge, I'd object. You're making statements that is diminishing the voir dire that I have done.

THE COURT: Not intending to. Overruled. So be aware that the question before you is ["]can you set aside bias or prejudice and make a decision solely on the evidence presented in the case that you're a juror member and serving as a juror.["] That's the question. If you cannot, your answer is ["]I cannot.["] If you can, then obviously, your answer is ["]I can.["] Thank you, [Counsel]. You may proceed.

[SECOND DEFENSE COUNSEL]: Before you proceed, your Honor, if I can lodge one more objection for the record, you're giving an example as an improper commitment question you've asked the jury, *we would object to the Court's improper commitment question to the*

12

*jury*. Further, we'd object to the Court taking away counsel's right to seek a fair and impartial juror through his own voir dire. The questions asked by counsel were entirely proper questions that the Court has mistakenly told the jury those weren't proper and in fact they were proper questions. So we would object to the court intervening.

THE COURT: All right. Your objection is overruled. Again, the discussion is not to suggest that counsel's questions are improper. The Court has the authority to voir dire the jury and I told counsel at table his questions are not improper. At this present time, the jury is to be aware of the full extent of the law. Nothing about counsel's voir dire has been improper, nothing from my discussion in this voir dire with the jury suggests it's improper, nor is there anything about my comments intended to prevent counsel from engaging in his voir dire as fully as possible. I just want counsel to know, by counsel, I mean State and defense how the court is -- may rule if certain objections are presented to the court so that counsel can then, if they wish, add to or subtract from voir dire. With that, motion -- or objection is overruled, [Counsel].

(Emphasis added). We observe that the trial court was patient with trial counsels' questions as propounded, and while the trial court could have been more artful in the objected-to phrasing, its statements did not amount to an improper commitment question, nor did the trial court improperly limit Appellant's voir dire. Informing the venire panel that they must commit to following the law regardless of preconceived biases, that is, they must consider the full range of punishment irrespective of any factual scenario, is permissible. *See Standefer*, 59 S.W.3d at 181; *Price v. State*, 594 S.W.3d 674, 677 n.3 (Tex. App.—Texarkana 2019, no pet.) ("A question committing a juror to consider the minimum punishment is both proper and permissible." (quoting *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010))); *see also Carter v. State*, No. 10-22-00375-CR, 2024 WL 2076475, at *3 (Tex. App.—Waco May 9, 2024, pet. ref'd) (mem. op., not designated for publication) ("A juror must be able to consider the full range of punishment for an

13

offense, and a . . . voir dire question about a juror's ability to do so is generally proper."). Thus, the trial court did not abuse its discretion in overruling Appellant's objections. *See Hernandez*, 390 S.W.3d at 315–16.

Even if we assumed that the trial court's statements were improper, as noted previously, reversible error occurs "[o]nly when a trial court's comments are reasonably calculated to benefit the State or prejudice the defendant's rights." *Gardner*, 733 S.W.2d at 210; *Thomas*, 470 S.W.3d at 596; *see also* TEX. R. APP. P. 44.2(b). Potential benefit to the State or prejudice to Appellant, if any here, was remedied by the trial court's follow-up instruction regarding its authority to voir dire the jury and its intent that the "jury is to be aware of the full extent of the law," clarifying that "[n]othing about counsel's voir dire [was] improper, nothing from [its] discussion in this voir dire with the jury suggests it [was] improper, nor [was] there anything about [its] comments [that were] intended to prevent counsel from engaging in his voir dire as fully as possible." *See Latson v. State*, 807 S.W.2d 372, 375 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd); *see also Amos v. State*, No. 05-24-00534-CR, 2025 WL 1712086, at *1 (Tex. App.—Dallas June 18, 2025, no pet. h.) (mem. op., not designated for publication) (holding that there was no reversible error after having concluded that the trial court's statement at issue was aimed at clarifying various aspects of the law, did not rise to such a level as to vitiate the impartiality of the jury, and was not reasonably calculated to benefit the State or prejudice the defendant's rights); *Hernandez v. State*, No. 12-14-00297-CR, 2015 WL 5157503, at *3 (Tex. App.—Tyler Sept. 2, 2015, no pet.) (mem. op., not designated for publication) (viewing the trial court's statements in the context of the totality of the voir dire proceedings before concluding that the trial court's comments were not calculated to benefit the State or prejudice the defendant's rights). We overrule Appellant's first issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

July 31, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.